**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1885
_____

MARIA J. DISEN,
Appellant

v.

BAYVIEW LOAN SERVICING, LLC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:21-cv-00521)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 2, 2025

Before: RESTREPO, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: January 2, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Maria Disen ("Appellant")[1] appeals pro se from the District Court's decision dismissing her complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, we will affirm that judgment.

I.

In 2019, Bayview Loan Servicing, LLC ("Bayview"),[2] filed a mortgage-foreclosure action against Appellant in the Monroe County Court of Common Pleas, relating to real property located in Tobyhanna, Pennsylvania. That court ultimately granted summary judgment in Bayview's favor, and Appellant's efforts to attack that judgment on appeal were unsuccessful.

Thereafter, in 2021, Appellant filed a pro se complaint against Bayview in the District Court. The complaint, which was not a model of clarity, appeared to take issue with the state-courts' rulings, raise issues that were (or could have been) presented in the state-court proceedings, and accuse Bayview of violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Appellant's due-process rights under the Fourteenth Amendment to the United States Constitution.

Bayview moved to dismiss Appellant's complaint pursuant to Rules 12(b)(1) and 12(b)(6). Appellant opposed that motion, and she also filed a one-page "New Matter." Thereafter, a United States Magistrate Judge issued a report recommending that the

[1] Disen refers to herself using several different surnames. To avoid any confusion, we refer to her as "Appellant."

[2] Bayview is now known as Community Loan Servicing, LLC.

2

District Court grant Bayview's motion. In support of that recommendation, the Magistrate Judge stated, inter alia, that Appellant's claims were barred by the Rooker-Feldman doctrine and res judicata, that her FDCPA claim was time-barred, and that her Fourteenth Amendment claim failed because Bayview is not a state actor.

Appellant objected to the Magistrate Judge's report. In April 2024, the District Court overruled those objections, adopted the Magistrate Judge's report, granted Bayview's motion, and directed the District Court Clerk to close the case. This timely appeal followed.[3]

## II.

We see no reason to vacate the District Court's decision. To the extent that Appellant's complaint can be construed as (a) alleging injuries caused by the state-court rulings in the mortgage-foreclosure action, and (b) seeking the District Court's review and rejection of those rulings, we agree with the District Court that this part of her complaint is barred by the Rooker-Feldman doctrine. See Vuyanich v. Smithton Borough, 5 F.4th 379, 385 (3d Cir. 2021). To the extent that the complaint sought to raise claims that were, or could have been, raised in the state-court proceedings, we agree with the District Court that those claims are barred by the doctrine of res judicata. See Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010). And for the reasons set forth

---

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's decision. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

in the Magistrate Judge's report, which the District Court adopted, we agree with the District Court's dismissal of Appellant's FDCPA and Fourteenth Amendment claims.

We have considered the various arguments raised in Appellant's brief and conclude that none warrants relief here.[4]  Accordingly, we will affirm the District Court's judgment.

---

[4] The District Court's decision did not address the merits of Appellant's "New Matter." But even if we were to assume for the sake of argument that this was error, there would be no need for us to disturb that decision, for we see nothing in Appellant's New Matter that would have survived dismissal.  See generally 28 U.S.C. § 2111 ("On the hearing of any appeal . . ., the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.").  To the extent that Appellant alleges that the District Court proceedings were biased, we see no evidence of any bias.  See generally Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias").